IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISIDRO ROBERTO CHAVEZ,

      Plaintiff,

v.                                                                                          No. CV 16-1189 CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Isidro Roberto Chavez's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum* (the "Motion"), (Doc. 17), filed June 20, 2017; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 19), filed August 21, 2017; and Mr. Chavez's *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing* (the "Reply"), (Doc. 20), filed August 29, 2017.

Mr. Chavez filed applications for supplemental security income and disability insurance benefits on June 24, 2013, alleging disability beginning June 6, 2013. (Administrative Record "AR" 25). Mr. Chavez claimed he was limited in his ability to work due to back pain. (AR 128). Mr. Chavez's applications were denied initially on September 16, 2013, and upon reconsideration on April 4, 2014. (AR 25). Mr. Chavez waived in writing the right to personally appear and testify at a hearing. (AR 93).

On April 21, 2015, Administrative Law Judge ("ALJ") Michelle K. Lindsay issued her decision, finding Mr. Chavez not disabled at any time between his alleged disability

onset date through the date of the decision. (AR 36). Mr. Chavez requested review by the Appeals Council, (AR 18), which was denied, (AR 1-6), making the ALJ's decision the Commissioner's final decision for purposes of this appeal.

Mr. Chavez now argues that the ALJ failed to properly consider the opinions of Certified Nurse Practitioner (CNP) Lita Bailly, and that the Appeals Council failed to properly consider evidence submitted after the ALJ's decision. (Doc. 17 at 8-17). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ erred in her consideration of Ms. Bailly's opinions, the Court finds that Plaintiff's Motion should be **GRANTED IN PART**.

I.  **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or show . . . that she has done so, are grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-

weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42

U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**III.    Background**

Mr. Chavez applied for supplemental security income and disability insurance benefits due to back pain from his neck to his right leg. (AR 128). At step one, the ALJ determined that Mr. Chavez had not engaged in substantial gainful activity since June 6, 2013, the alleged onset date. (AR 27). At step two, the ALJ concluded that Mr. Chavez was severely impaired by degenerative disc disease of the lumbar, thoracic, and cervical spine. (AR 27-28). At step three, the ALJ determined that none of Mr. Chavez's

---
[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. (AR 28-29).

At step four, the ALJ found that Mr. Chavez has the RFC to perform a wide range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (AR 29). The ALJ additionally found that Mr. Chavez can: lift and carry 20 pounds occasionally and 10 pounds frequently; frequently climb, stoop, crouch, kneel, and crawl; stand and/or walk for six hours out of an eight-hour workday with regular breaks; sit for at least six hours out of an eight-hour workday with regular breaks; and is unlimited in his ability to push and pull. *Id.*

In formulating Mr. Chavez's RFC, the ALJ stated that she considered Mr. Chavez's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. §§ 404.1529 and 416.929, and Social Security Rulings ("SSR") 96-4p and 96-7p. *Id.* The ALJ also stated that she considered opinion evidence in accordance with 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. *Id.*

In considering the medical opinion evidence, the ALJ stated that she gave great weight to the opinions of the State Agency medical examiners, Karen Schnute, M.D., and Bonnie Lammers, M.D., because "they are acceptable sources under the regulations and they are familiar with agency regulations." (AR 34). The ALJ also gave great weight to the opinions of Mr. Chavez's treating physicians: Brian Jellison, M.D.; Michael Matyas, M.D.; David Gammon, M.D.; Stewart Martin, M.D.; and Jose Rayna, M.D., because "they had treating relationships with [Mr. Chavez] and are acceptable

5

medical sources under the regulations." (AR 34). The ALJ gave partial weight to the opinions of: Carol Hadley, CNP; Lita Bailly, CNP; Alicia Small, Nurse Practitioner; Jonathon LaValley, Certified Physician Assistant; and Anthony Roddy, Physical Therapist, stating that "while they are treating providers, they are not acceptable medical sources under the regulations." *Id.* The ALJ further stated that she gave little weight to letters written by Ms. Bailly and Mr. LaValley regarding Mr. Chavez's limitations and need for a caregiver because "they are based solely on [Mr. Chavez's] allegations, rather than on any objective evidence," and because the opinions in the letters are inconsistent with objective imaging studies. *Id.* Finally, the ALJ stated she gave no weight to the opinions of Mr. Chavez's wife, stating that she is not an acceptable medical source, she has reasons to support his claim for disability, and her statement only reports that he fell and could not get up. *Id.*

The ALJ found that Mr. Chavez is unable to perform any of his past relevant work, so the ALJ proceeded to step five. (AR 34-35). At step five, the ALJ noted that Mr. Chavez was 29 years old on the alleged disability onset date, and therefore classified as "a younger individual" in accordance with the Regulations. (AR 35). The ALJ also determined that Mr. Chavez has a limited education and is able to communicate in English. *Id.* The ALJ found that Mr. Chavez's RFC has little or no effect on the occupational base of unskilled light work. (AR 35-36). Therefore, the ALJ found that a finding of "not disabled" is appropriate under the framework of Medical-Vocational Rule 202.18 and that Mr. Chavez is not disabled pursuant to 20 C.F.R. §§ 404.1520(g) and 416.920(g). (AR 36).

**IV. Analysis**

In his Motion, Mr. Chavez argues that the ALJ failed to adequately consider and weigh the opinions of Ms. Bailly and that the Appeals Council erred by rejecting evidence submitted after the ALJ's decision. (Doc. 17 at 8-17). The Commissioner responds that the ALJ properly considered Ms. Bailly's opinions and that the Appeals Council did not err in its treatment of the additional evidence submitted by Ms. Bailly because that evidence was not new, material, or relevant to the period at issue. (Doc. 19 at 7-17).

*A. The ALJ's Consideration of Ms. Bailly's Opinions*

Ms. Bailly saw and treated Mr. Chavez for back pain on multiple visits from June 2012 through December 2013. (AR 199-242, 303-09). During this time, Ms. Bailly assessed Mr. Chavez with chronic back pain, spondylosis, paravertebral muscle spasms, and tenderness in his bilateral lumbosacral spine. *See id.* Ms. Bailly also provided treatment for these conditions, including prescribing medications and a rolling walker, ordering MRIs of Mr. Chavez's thoracic and lumbar spine, and providing referrals to the Pain & Spine Institute for pain management and to the Laser Spine Institute for a surgery consultation. *See id.*

The ALJ stated that she gave partial weight to Ms. Bailly's opinions because she is not an acceptable medical source under the regulations. (AR 34). The ALJ further stated that she gave little weight to a letter written by Ms. Bailly on June 13, 2013 which stated: "Mr. Chavez is currently under my medical care and may not return to work at this time. Please excuse him for indefinitely [sic] . . . Activity is restricted as follows: no work and severe back pain." (AR 357). The ALJ stated she gave this letter little weight

because it is "based solely on [Mr. Chavez's] allegations, rather than on any objective evidence," and because it is inconsistent with imaging studies. *Id.*

Mr. Chavez contends that the ALJ erred by failing to provide sufficient reasoning for rejecting Ms. Bailly's opinions. (Doc. 17 at 13-17). Mr. Chavez contends that, while Ms. Bailly is not an "acceptable medical source" under the Social Security regulations, as an "other source" her opinions are still entitled to deference. *Id.* at 14 (citing 20 C.F.R. § 416.913 and SSR 06-03p). In addition, Mr. Chavez contends that if the ALJ had properly addressed and incorporated Ms. Bailly's opinions, the ALJ would have made a more restrictive RFC determination. *Id.* at 16-17.

Social Security Regulations require ALJs to evaluate every medical opinion in the record. *See* 20 C.F.R. §§ 404.1527(b)-(c), 416.927(b)-(c); SSR 96-6p, 1996 WL 374180 (July 2, 1996). Every medical source opinion should be weighed by the ALJ in consideration of the following applicable "deference factors":

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citation omitted); *see also* 20 C.F.R. §§ 404.1527(c)-(d), 416.927(c)-(d). Ultimately, the ALJ must give good reasons that are "sufficiently specific to [be] clear to any subsequent reviewers" for the weight that she ultimately assigns the opinions. *Langley*, 373 F.3d at 1119 (citation omitted). Failure to do so constitutes legal error. *See Kerwin v. Astrue*, 244 Fed. Appx. 880, 884 (10th Cir. 2007) (unpublished).

In addition, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (citations omitted). Instead, an ALJ "must . . . explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Further, the Commissioner may not rationalize the ALJ's decision post hoc, and "[j]udicial review is limited to the reasons stated in the ALJ's decision." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (citation omitted).

As a Certified Nurse Practitioner, Ms. Bailly is not an "acceptable medical source" pursuant to 20 C.F.R. §§ 404.1513(a)(1)-(5) and 416.913(a)(1)-(5), which provide that "[a]cceptable medical sources" include physicians, psychologists, certain optometrists and podiatrists, and certain speech-language pathologists. Instead, Ms. Bailly is an "other" medical source, pursuant to 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). The distinction between acceptable medical sources and other medical sources "is necessary because '[i]nformation from . . . 'other [medical] sources' cannot establish the existence of a medically determinable impairment.' . . . Further, 'only acceptable medical sources can give . . . medical opinions' and 'be considered treating sources . . . whose medical opinions may be entitled to controlling weight.'" *Bowman v. Astrue,* 511 F.3d 1270, 1275 n.2 (10th Cir. 2008) (quoting SSR 06-03p, 2006 WL 2329939 at *2 (Aug. 9, 2006))*.*

Nevertheless, the opinions of "other" medical sources must still be weighed. Indeed, the Regulations state that "[r]egardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. §§ 404.1527(c), 416.927(c). Social Security

9

Ruling 06-03p clarifies that the factors used in weighing medical opinions of acceptable medical sources "set out in 20 C.F.R. §§ 404.1527(d) and 416.927(d) apply equally to 'all opinions from medical sources who are not acceptable medical sources as well as from other [non-medical] sources.'" *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (quoting SSR 06-03p, 2006 WL 2329939, at *4). It follows that:

> depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.

*Frantz*, 509 F.3d at 1302 (quoting SSR 06-03p, 2006 WL 2329939, at *5). Adjudicators are instructed to "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Frantz*, 509 F.3d at 1302 (quoting SSR 06-03p, 2006 WL 2329939, at *6).

Given the treatment provided to Mr. Chavez by Ms. Bailly, the ALJ should have properly weighed her opinions against other medical opinions in the record and adequately explained why she rejected them. The Commissioner contends that the ALJ did not err in her treatment of Ms. Bailly's opinions because Ms. Bailly is not an acceptable medical source. (Doc. 19 at 8). Ms. Bailly's status as a non-acceptable medical source is a factor that the ALJ should consider in assessing her opinions. However, SSR 06-03p makes clear that in reviewing opinions from non-acceptable

medical sources ALJs must also consider the factors set out in 20 C.F.R. §§ 404.1527(d) and 416.927(d). Moreover, SSR 06-03p provides that the opinions of non-acceptable medical sources, including nurse practitioners like Ms. Bailly, "are important and should be evaluated on key issues such as impairment severity and functional effects," and that consideration of the factors for weighing opinion evidence sometimes dictates that an opinion offered by a non-acceptable medical source outweighs the opinion of even a treating "acceptable medical source." SSR 06-03p, 2006 WL 2329939, at *3. For example, "it may be appropriate to give more weight to the opinion of a [non-acceptable medical source] if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion." *Id.* at *5. Therefore, the ALJ's rejection of Ms. Bailly's opinions based solely on her status as a non-acceptable medical source does not satisfy the requirements of SSR 06-03p.

The Commissioner also contends that the ALJ did not err in her consideration of Ms. Bailly's medical assessments because they are not "medical opinions" under the regulations. (Doc. 19 at 8). The Commissioner is correct that only acceptable medical sources can offer "medical opinions" under 20 C.F.R. §§ 404.1527(a)(1) and 416.927(a)(1), which provide that "[m]edical opinions are statements from acceptable medical sources." Nevertheless, ALJs must weigh and evaluate the opinions of "other" medical sources regarding the severity of a claimant's impairment and ability to function. 20 C.F.R. §§ 404.1527(c), 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); SSR 06-03p, 2006 WL 2329939, at *3 (explaining that the opinions of non-acceptable medical sources "are important and should be evaluated

11

on key issues such as impairment severity and functional effects"). Therefore, the ALJ was required to evaluate Ms. Bailly's opinions regardless of her status as a non-acceptable medical source.

Finally, the Commissioner contends that the ALJ properly rejected Ms. Bailly's opinions because Ms. Bailly based her statements on Mr. Chavez's subjective statements and because Ms. Bailly's opinions are inconsistent with imaging studies. (Doc. 19 at 9-10). The degree to which a source provides support for his or her opinion is an applicable factor to be considered by the ALJ in weighing a medical source opinion. *See* SSR 06-03p, 2006 WL 2329939, at *3. As such, the ALJ provided a facially valid reason for giving Ms. Bailly's opinions "partial" or "little" weight.

However, Ms. Bailly's assessments are based on more than Mr. Chavez's subjective complaints and, instead, include physical examinations and reviews of Mr. Chavez's treatment and progress at the Pain & Spine Institute. *See* (AR 199-242, 303-09). For example, Ms. Bailly's physical examinations of Mr. Chavez reveal paravertebral muscle spasms, thoracic and lumbar spine tenderness, and bilateral lumbosacral tenderness. (AR 203, 207, 211, 215, 220, 229). Additionally, records from other providers support Ms. Bailly's findings, such as: Ms. Handley diagnosed Mr. Chavez with chronic pain syndrome and lumbar intervertebral disc disorder with myelopathy, (AR 243-44); Ms. Small opined that Mr. Chavez had shoulder joint and thoracic pain, degenerative disc disease in his thoracic and cervical spine, degeneration of the thoracic intervertebral disc and brachial neuritis/radiculitis, (AR 282-83); Mr. LaValley opined that Mr. Chavez cannot work, is a fall risk, is unable to ambulate or transfer without assistance, requires constant assistance with activities of daily living and

mobility, and has lumbar region spondylosis with myelopathy and congenital spondylolisthesis, (AR 310-11, 329-30, 334-36, 349-50); Mr. Roddy found that Mr. Chavez has significant mobility impairments of the lumbar spine as well as the lower extremities, (AR 313-17); and Dr. Gammon diagnosed Mr. Chavez with lumbago and chronic pain syndrome, (AR 337-42). Thus, the ALJ's rejection of Ms. Bailly's opinions because they were based on Mr. Chavez's subjective allegations is not supported by the evidence in the record.

In addition, the ALJ failed to specify which imaging studies she found to be inconsistent with Ms. Bailly's opinions. This is significant because the imaging studies appear to support Ms. Bailly's findings that Mr. Chavez is limited due to his back pain. For example, on September 5, 2012, Dr. Jellison reviewed an MRI of Mr. Chavez's lumbar spine and found disc bulging and protrusion, severe bilateral facet arthrosis, and mild bilateral foraminal narrowing, (AR 275); on July 31, 2013, Dr. Matyas reviewed an MRI of Mr. Chavez's cervical spine and found mild disc dessication and minimal disc bulges, (AR 262-63); and on July 23, 2014, Dr. Martin reviewed an MRI of Mr. Chavez's thoracic spine and found multilevel degenerative disc disease, spondylosis, and mild disc protrusion with annular tears, (AR 324-25). The ALJ's failure to address this medical evidence without providing an explanation or support from the record for doing so is legal error. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an

uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.") (citations omitted).

For the reasons stated above, the Court finds that the ALJ did not follow the correct legal standards in evaluating Ms. Bailly's opinions, and that the ALJ's reasons for discounting Ms. Bailly's opinions are not supported by the evidence in the record. Therefore, the Court is unable to meaningfully review the ALJ's findings. *See Clifton*, 79 F.3d at 1009 (holding that "the absence of findings supported by specific weighing of the evidence" in the record leaves the Court unable to assess whether relevant evidence adequately supports the ALJ's conclusion).

## V. Conclusion

For the reasons stated above, the Court finds that the ALJ did not properly consider Ms. Bailly's opinions. The Court does not decide the issue of whether the Appeals Council erred in its consideration of evidence that was submitted after the ALJ's decision as that evidence will become part of the record on remand. The Court directs the ALJ, on remand, to weigh all medical evidence in the record.

**IT IS THEREFORE ORDERED** that Mr. Chavez's *Motion to Reverse and Remand for a Rehearing With Supporting Memorandum*, (Doc. 17), is **GRANTED IN PART**, and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE